UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:12-cr-78 |
| vs. ) | |
| ) | JUDGE MATTICE |
| STEPHEN BEASLEY ) | |

## MEMORANDUM AND ORDER

STEPHEN BEASLEY ("Defendant") was present in court for an initial appearance before the undersigned on September 16, 2015 in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition").

After being sworn in due form of law, Defendant was reminded of his privilege against self-incrimination under the 5th Amendment to the United States Constitution. Further, Defendant was reminded of his right to counsel under the 6th Amendment to the Constitution. The Court had previously appointed Attorney Chris Varner to represent Defendant with respect to the Criminal Complaint (Doc. 1:15-mj-262) filed against him, and Mr. Varner continued to represent Defendant with respect to the Petition. Defendant was furnished with a copy of the Petition, and had an opportunity to review such document with his attorney. The Court determined that Defendant was capable of being able to read and understand the Petition.

The Government moved that Defendant be detained pending a hearing to determine whether his term of supervision should be revoked.

Defendant asked for time to prepare for a preliminary hearing and detention hearing. The Court granted that request and scheduled both a preliminary hearing and detention hearing on Wednesday, September 30, 2015, at 2 p.m. On November 6, 2015, Defendant, through his counsel, filed a Waiver of Preliminary Hearing and Detention Hearing (Doc. 47). Consequently, such hearings were canceled.

Based upon the Petition and Defendant's waiver of preliminary hearing and detention hearing, the undersigned finds there is probable cause to believe the Defendant has committed violations of his conditions of supervised release as alleged in the Petition.

It is, therefore, ORDERED:

1. Defendant shall appear in a revocation hearing before U.S. District Judge Curtis L. Collier.

2. The motion of the Government that Defendant be DETAINED WITHOUT

1

BAIL pending his revocation hearing before Judge Collier is GRANTED.

3. The U.S. Marshal shall transport Defendant to a revocation hearing before Judge Collier on a date to be determined by Judge Collier. The parties have requested the revocation hearing in this case to be set on the same date and time as the sentencing in Case No. 1:15-cr-98.

*Nunc Pro Tunc* November 6, 2015.

ENTER.

                                      s/*Christopher H. Steger*
                                      UNITED STATES MAGISTRATE JUDGE